UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN LAMONT PRESTON,<br>           Plaintiff,<br>    v.<br>ALMA POSADA,<br>           Defendant. | Case No. 20-cv-06427-SI<br><br>**ORDER TO SHOW CAUSE RE. STATUTE OF LIMITATIONS PROBLEM**<br><br>Re: Dkt. No. 1 |

Nathan Lamont Preston, an inmate currently housed at the R. J. Donovan Correctional Facility in San Diego, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The complaint is now before the Court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

The complaint alleges a claim about an incident that occurred almost twelve years before the complaint was filed, when Preston called the California Employment Development Department (EDD) to file for unemployment benefits in October 2008. He alleges that EDD claims processor Alma Posada answered the call in San Francisco and used a racial slur against him as soon as she recognized he was African-American, said that he did not have a claim, and hung up the phone. Docket No. 1 at 3-4. Preston allegedly called back to complain about Posada's "racially motivated denial of unemployment benefits" and to continue processing his unemployment application; he allegedly was told "there's nothing you can do." *Id.* at 4. Posada and others at the EDD allegedly did not inform Preston of his appeal rights when they denied his application.

Preston eventually filed a late application to obtain unemployment benefits. On January 30, 2019, an administrative law judge excused the lateness of his appeal and determined that Preston

1   was eligible for benefits under California Unemployment Insurance Code § 1253(2) from October 19, 2008 onward "provided the claimant is otherwise eligible." Docket No. 1 at 10. Preston complains that, even after the administrative law judge granted relief in January 2019, Posada and others at the EDD did not inform Preston of his appeal rights, process his claim, or pay benefits for the period during which he was eligible. (The first page of the decision by the administrative law judge states that it is final unless appealed within thirty days, states that there is a notice attached explaining how to file an appeal, and provides a telephone number for successful claimants to call with questions regarding benefits. *Id.* at 7.)

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b)(1),(2). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eleventh Amendment to the U.S. Constitution bars from the federal courts suits against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state, absent consent to the filing of such suit. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). Eleventh Amendment immunity also extends to suits against an arm of the state. As a state agency, the EDD is an "arm of the state" and not a "person" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 90 (1989). Because a suit against a state actor in his or her official capacity is no different from a suit against the state itself, the Eleventh Amendment also bars damages actions against state officials in their official capacity. *Kentucky v. Graham*, 473 U.S. 159,

169-70 (1985); *see also Wood v. Sergeant*, 694 F.2d 1159, 1161 (9th Cir. 1982) (EDD and California Unemployment Insurance Appeals Board have 11th Amendment immunity). Preston cannot pursue a claim in this court to obtain his unemployment benefits from the California EDD or from Posada in her official capacity because they have Eleventh Amendment immunity against any such claim.

The Eleventh Amendment does not, however, bar a suit against an individual defendant sued in her individual capacity. Here, assuming arguendo that a separate equal protection claim might exist against Posada based on the allegation that she used a racial slur and made a race-based decision to deny Preston's request for unemployment benefits, the claim has a different problem: it appears to be barred by the statute of limitations because it was not brought until almost twelve years after the alleged racial slur and denial of benefits was took place.

Section 1983 does not contain its own limitations period, so the court looks to the limitations period of the forum state's statute of limitations for personal injury torts. *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). California's statute of limitations period for personal injury torts is two years, and the statute of limitations period for § 1983 claims is two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1; *Elliott*, 25 F.3d at 802. It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Elliott*, 25 F.3d at 801-02. Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See Elliott*, 25 F.3d at 802.

Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years, but only for a plaintiff who is in prison "for a term less than for life" and is under the disability at the time the cause of action accrues. *See* Cal. Civ. Proc. Code § 352.1. The two years of tolling for the disability of incarceration applies only to claims for damages and does not apply to claims for injunctive or declaratory relief. *See id.* at § 352.1(c).

The limitations period may be subject to equitable tolling. Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison*

3

*v. California*, 21 Cal. 3d 313, 317 (1978)). Thus, in an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal court.

Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the situation here: the defense appears complete and obvious from the face of the complaint for events and omissions that occurred in October 2008, almost twelve years before the complaint was filed in September 2020.

Preston must show cause why the action filed in September 2020 alleging an equal protection violation that happened in October 2008 should not be dismissed as barred by the statute of limitations. He should provide his written response in a document labelled "Response to Order to Show Cause Regarding Statute of Limitations Problem" or something similar. Of course, Preston is not limited to arguing only equitable tolling – he may submit any argument he has to show that the statute of limitations does not bar his claim. His written response also must state whether he was in prison, jail, or at liberty in October 2008.

## CONCLUSION

No later than **March 5, 2021**, plaintiff must file a written response explaining why this action is not barred by the statute of limitations. Failure to file the response by the deadline will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: January 15, 2021

SUSAN ILLSTON
United States District Judge

4